UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Justin Mendoza and Matthew Travis Houston, <br><br> Plaintiffs <br><br> v. <br><br> James E. Dzurenda, et al., <br><br> Defendants | Case No.: 2:25-cv-01939-APG <br><br> **Order** |

Justin Mendoza and Matthew Travis Houston, who are in the custody of the Nevada Department of Corrections (NDOC), might have attempted to initiate a civil-rights lawsuit under 42 U.S.C. § 1983 together. ECF No. 1-1. The attempted joinder is deficient because Houston is a vexatious litigant who is subject to—but has not complied with—a pre-filing injunction order. The initiating documents are deficient because the plaintiffs neither paid the $405 filing fee nor each filed an individual and complete application to proceed in forma pauperis, and they did not file a personally signed complaint. *See id.* Plaintiffs instead filed a document that purports to be a declaration and dozens of filings that have been recycled from at least two of Houston's other lawsuits. *See id.* at 1–9.

Houston has filed at least six other lawsuits in this district since January 2025 in which he appears to use other inmates to bypass his pre-filing injunction. *See, e.g.*, *McCreary et al. v. Dzurenda et al.*, Case No. 2:25-cv-01687-APG-BNW; *Belcastro et al. v. Dzurenda et al.*, Case No. 2:25-cv-01691-APG-BNW; *Sturgis and Houston v. Dzurenda et al.*, Case No. 2:25-cv-01265-APG-MDC; *Houston and Wilson v. Dzurenda et al.*, Case No. 2:25-cv-01737-APG; *Stafford v. Dzurenda*, Case No. 2:25-cv-01854-APG-BNW; and *Haddaway et al. v. Dzurenda et*

*al.*, Case No. 2:25-cv-01876-ART-NJK.  Three of these cases were filed after I warned Houston that he cannot avoid his pre-filing injunction by filing lawsuits with or through other inmates. *McCreary*, Case No. 2:25-cv-01687-APG-BNW at ECF No. 3.  Houston is advised that the court will consider other case-management options (e.g., additional injunctive restrictions, monetary sanctions) if he continues to flout his pre-filing injunction by using other inmates to initiate his lawsuits. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that it is well-established that district courts have the inherent power to control their docket).

I now address Houston's vexatious litigant status, dismiss him from this lawsuit, and give only Mendoza the opportunity to proceed with this lawsuit, if Mendoza wishes to do so, by filing a personally signed complaint and either paying the full $405 filing fee or filing an individual and complete application to proceed in forma pauperis.  Alternatively, if Mendoza does not want to pursue this lawsuit, then Mendoza may file a notice under Federal Rule of Civil Procedure 41(a)(1)(A)(i) voluntarily dismissing it.

I. **DISCUSSION**

A. **Houston is a vexatious litigant.**

Houston is subject to a vexatious litigant pre-filing order issued by Judge Dorsey. *See Houston v. Encore Event Technologies et al.*, Case No. 2:22-cv-01740-JAD-EJY, ECF No. 30. Under that order, before Houston can file a new action in this court "using any pages he has already filed in another case," he must satisfy three conditions:

> Apply to the Chief Judge of this district for leave to file the document by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File."
>
> That application must be supported by a declaration from Houston, made under penalty of perjury, stating that: (1) the matters asserted in the new complaint or petition are different from those asserted in the actions he has previously filed in this district; (2) the new claim or claims are not frivolous or made in bad faith; (3)

he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims.

Houston must attach a copy of [Judge Dorsey's] order to any such application.

*Id.* at 8.  Under that order, "the Clerk of Court is authorized to reject, refuse to file, and discard any new case-commencement document submitted without prior compliance with this order." *Id.* at 9.  Houston has not satisfied any of these conditions in this case.  Instead, Houston attempts to bypass the pre-filing requirements by filing a lawsuit with an inmate who is not deemed a vexatious litigant. *See* ECF No. 1-1.  Because Houston has not complied with the pre-filing order, I dismiss him from this lawsuit and dismiss or deny all documents filed by him and those filed on his behalf without prejudice.

### B.     Only Mendoza may continue with this lawsuit.

Because Mendoza is not subject to a vexatious litigant pre-filing order, Mendoza may proceed with this lawsuit if Mendoza wants to do so.  But before Mendoza can proceed, Mendoza must satisfy the matter of the filing fee and file a complaint that they personally sign.

#### 1.     Mendoza must file a signed complaint.

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.  "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." LSR 2-1.  And the complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a).

#### 2.     Mendoza must pay the fee or file a fully complete application.

This court must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a).  As of December 1, 2023, the fee for filing a civil-rights action is $405, which

includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed in forma pauperis." LSR 1-1. For an inmate to apply for in forma pauperis status, the inmate must submit **all three** of the following documents to the court:

> (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the court's approved form, that is properly signed by the inmate twice on page 3;
>
> (2) a completed **Financial Certificate**, which is page 4 of the court's approved form, that is properly signed by both the inmate and a prison or jail official; and
>
> (3) a copy of the inmate's prison or jail trust fund account statement for the previous six-month period.

*See* 28 U.S.C. § 1915(a)(1), (2); LSR 1-2. In forma pauperis status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

If Mendoza wants to pursue this lawsuit, then Mendoza may either pay the filing fee or file an individual and complete application to proceed in forma pauperis.

### 3.    Mendoza cannot be used to bypass a vexatious litigant order.

The initiating documents contain filings from Houston's other lawsuits. *See* ECF No. 1-1. As outlined above, Houston is a vexatious litigant, and I am aware of his attempts to bypass his pre-filing requirements by purportedly initiating lawsuits with other inmates. *See McCreary et al. v. Dzurenda et al.*, Case No. 2:25-cv-01687-APG-BNW, and *Belcastro et al. v. Dzurenda et al.*, Case No. 2:25-cv-01691-APG-BNW. By the terms of the vexatious litigant order, Houston may not commence a new action without obtaining pre-filing permission from the chief judge of this district. *See Houston v. Encore Event Technologies et al.*, 2:22-cv-01740-JAD-EJY at ECF

4

No. 30.  This requirement does not change even if Houston purports to initiate a lawsuit with other inmates.

This means Mendoza may initiate this lawsuit by filing a complete application to proceed in forma pauperis and submitting a complaint that Mendoza has personally signed and contains allegations pertaining to only Mendoza.  If either Mendoza or Houston attempts to use this case to further Houston's efforts at initiating a lawsuit without complying with Houston's vexatious litigant order, I will dismiss this action without prejudice.

Alternatively, if Mendoza does not wish to pursue this lawsuit, then that inmate may file a notice of voluntary dismissal under 41(a)(1)(A)(i).

## II. CONCLUSION

I THEREFORE ORDER that Matthew Travis Houston is dismissed without prejudice from this lawsuit.

I ORDER that the initiating documents are dismissed and/or denied in their entirety.

I ORDER that **by November 20, 2025**, Mendoza must submit a signed complaint to this court.

I ORDER that **by November 20, 2025**, Mendoza must either pay the full $405 filing fee or file an individual and complete application to proceed in forma pauperis with all three required documents: a completed application with Mendoza's two signatures on page 3; a completed financial certificate that is signed both by Mendoza and the prison or jail official; and a copy of Mendoza's trust fund account statement for the previous six-month period.

I ORDER that if Mendoza fails to timely comply with this order, this action will be subject to dismissal without prejudice.  A dismissal without prejudice allows Mendoza to refile the case with the court, under a new case number, when Mendoza can file a complaint and either

pay the required filing fee or file a complete application to proceed in forma pauperis.

Alternatively, Mendoza may file a notice voluntarily dismissing this lawsuit.

    The Clerk of the Court is instructed to send Justin Mendoza the approved form application to proceed in forma pauperis for an inmate with instructions and the approved form for filing a 42 U.S.C. § 1983 complaint with instructions.

Dated: October 21, 2025

                                                 _____
                                                 Andrew P. Gordon
                                                 Chief United States District Judge