# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Justin Mendoza,

    Plaintiff

v.

James E. Dzurenda, et al.,

    Defendants

Case No.:  2:25-cv-01939-APG

**Order Striking Fugitive Document and Dismissing and Closing Case**

[ECF No. 3]

This action began with a collection of documents purportedly filed by Nevada prisoners Justin Mendoza and Matthew Travis Houston. ECF No. 1-1.  Because Houston sought to bypass the vexatious litigant pre-filing order that applies to him when initiating this lawsuit, I dismissed him from this action and gave Mendoza the opportunity to proceed with this lawsuit. ECF No. 2. To that end, I gave Mendoza until November 20, 2025, to file a signed complaint with allegations pertaining only to themself and either pay the full $405 filing fee or file their own individual application to proceed in forma pauperis. *Id.* at 5.  That deadline expired without Mendoza complying with or responding to my order.

Houston, however, filed a notice or motion seeking, among other things, to proceed with this lawsuit on behalf of himself and several other prisoners. ECF No. 3.  Houston's filing violates the pre-filing injunction that applies to him because he filed it in an existing lawsuit, and it includes documents that are recycled from his other actions. *See* ECF No. 3 at 13–14.  I strike Houston's fugitive document and dismiss and close this action.

# I.    DISCUSSION

## A.    Non-party Houston's fugitive document is stricken from the docket.

As a result of my prior order, Houston is not a party in this case. ECF No. 2 at 5.  As explained in that order and on numerous other occasions, Houston is subject to a vexatious litigant pre-filing order issued by Judge Dorsey that requires him to satisfy certain conditions before filing a new action in this court "using any pages he has already filed in another case." *See Houston v. Encore Event Technologies, et al.*, Case No. 2:22-cv-01740-JAD-EJY, ECF No. 30 at 8 (D. Nev. Oct. 24, 2023).  Because the pre-filing order requires Houston to obtain permission from the chief judge (me) before he files a lawsuit, he cannot apply for that relief after he files a lawsuit in violation of the order.  Hence my order dismissing Houston from this action.  Because Houston is not a party entitled to relief in this lawsuit and his most recent filing violates the pre-filing order, that document is stricken from the docket.

## B.    Relevant factors favor dismissing this action.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).  In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Mendoza's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until Mendoza files a complaint and either pays the full $405 filing fee or files their own individual in forma pauperis application, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources along the way. The circumstances here do not indicate that this case will be an exception. So the fifth factor

favors dismissal.  Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.

**II.     CONCLUSION**

I THEREFORE ORDER that this action is dismissed without prejudice based on Justin Mendoza's failure to file a signed complaint and address the matter of the filing fee in compliance with the court's October 21, 2025, order.  The Clerk of the Court is directed to enter judgment accordingly and close this case.  If Justin Mendoza wishes to pursue their claims, they must file a complaint in a new case and address the matter of the filing fee.

I FURTHER ORDER that Matthew Travis Houston's fugitive filing (ECF No. 3) is stricken from the docket.  If Houston wishes to pursue his own claims, he must comply with the conditions of the pre-filing order. *See Houston v. Encore Event Technologies, et al.*, Case No. 2:22-cv-01740-JAD-EJY, ECF No. 30 (D. Nev. Oct. 24, 2023).

Dated: December 16, 2025

_____
Andrew P. Gordon
Chief United States District Judge